IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| BRANDON DARREL KISER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:21cv00455 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| HOWARD CARLTON, *et al.*, | ) | By:   Hon. Thomas T. Cullen |
| | ) |         United States District Judge |
| Defendants. | ) | |

Plaintiff Brandon Darrell Kiser, a Virginia inmate proceeding *pro se*, filed this civil action under 42 U.S.C. § 1983 against Howard Carlton, Tom Dooley, and "Dr. Josef," all of whom are medical employees and administrators at the Southwest Virginia Regional Jail Authority. Under the authority granted to it by 28 U.S.C. § 1915A(a), the court has reviewed Plaintiff's complaint and determines that it fails to state a claim on which relief can be granted. For that reason, Plaintiff's complaint will be dismissed.

When Kiser initially filed his complaint, the court entered an order advising him that his allegations failed to state a cognizable § 1983 claim against the named defendants. The court gave Kiser leave to file an amended complaint and warned him that failure to amend would result in dismissal of his complaint. Kiser did not file an amended complaint or otherwise respond to the court's order. Therefore, the court will assume Kiser intends to stand on his initial complaint and waives his right to amend the complaint in this action.

In his complaint, Kiser contends that after unnamed jail authorities charged him with possession of contraband for possessing unauthorized medication in his cell, he stopped receiving his prescribed psychiatric medication. (*See* Compl. at 3 [ECF No. 1].) Kiser does not

identify which jail official allegedly decided to halt or change his medication. (*See generally id.*) But Kiser does allege that, in response to one of his grievances, Qualified Mental Health Professional Tom Dooley told him that "receiving psych meds was a privilege for those who followed the rules." (*See id.* at 3.) Kiser does not allege, nor is there any evidence to indicate, that Dooley had the authority to stop or restart any medication. Kiser states that his health has suffered as a result of being deprived of psychiatric medication. He seeks punitive damages and asks the court to order the jail to reinstate his previous medication.

Kiser brings his claims under 42 U.S.C § 1983. (*See id.* at 1.) To state a cause of action under § 1983, a plaintiff must allege that he has been deprived of rights guaranteed by the Constitution or the laws of the United States *and* that the deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "The traditional definition of acting under color of law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Id.* at 49.

Healthcare providers in correctional facilities, when employed by the state and providing obligatory medical services, are considered state actors. *See West*, 487 U.S. at 54. Although Kiser presumably seeks to hold the defendants liable under this theory, his complaint does not contain sufficient factual allegations that, taken as true, would show that the named defendants personally deprived Kiser of his rights. "In order for an individual to be liable under § 1983, it must be 'affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights.'" *Wright v. Collins*, 766 F.2d 841, 850 (quoting *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)). The only defendant that Kiser references

by name is Dooley, but he does not plead any facts to show that Dooley personally deprived him of his rights.

To be sure, Kiser has a constitutionally protected right to receive adequate medical treatment as an inmate, but he has not met the pleading standard to show a violation of that right by any named defendant in his complaint. The Eighth Amendment proscribes prison officials from acting with deliberate indifference to an inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976). To state a valid claim of deliberate indifference, the medical provider's actions must be "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Jackson v. Sampson*, 536 F. App'x 356, 357 (4th Cir. 2013). Kiser's complaint does not contain factual allegations approaching this standard. The complaint alleges only that Dooley stated that "receiving psych meds was a privilege for those who followed the rules." (Compl. at 3.) Importantly, Kiser does not allege that Dooley made the decision to withhold his medication, nor does he allege facts to show that Dooley acted with gross incompetence in providing Kiser medical care. Because the complaint does not contain any factual allegations suggesting that Dooley was deliberately indifferent to Kiser's medical needs or that Dooley was responsible for a decision that caused any such violation, Kiser's claims against him must be dismissed.

Kiser also lists as defendants in his complaint Howard Carlton, Health Service Administrator, and "Dr. Josef, Ph.D." (*See* Compl. at 1.) Other than in the caption, the complaint does not mention either of these two individuals, nor does Kiser attribute any actions—unlawful or otherwise—to them. Kiser therefore has pled no plausible facts upon

which either person may be held liable under § 1983 and the claims against them must also be dismissed. *Accord Vinnedge*, 550 F.2d at 928.

Despite having the opportunity to amend his complaint, Kiser has failed to allege any facts against the named defendants giving rise to a cognizable cause of action under 42 U.S.C. § 1983. Accordingly, the court will dismiss this action under 28 U.S.C. § 1915A(b)(1) for failure to state a claim. The court notes that this dismissal is without prejudice to Kiser's opportunity to refile his claims with additional facts in a separate civil action, subject to the applicable statute of limitations.

The clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to Kiser.

**ENTERED** this 7th day of September, 2022.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE